IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENNETH CLARK, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 5:16-CV-00350-MTT-CHW |
| JACK ALLEN TODD, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

### ORDER

*Pro se* Plaintiff Kenneth Clark, who is confined at the Baldwin State Prison in Hardwick, Georgia, filed a pleading construed by the Court as a Complaint under 42 U.S.C. § 1983 but did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. Accordingly, the United States Magistrate Judge directed Plaintiff to either pay the filing fee or submit to the Court a proper and complete motion for leave to proceed *in forma pauperis*. Plaintiff was also directed to recast his Complaint on the Court's standard form. Plaintiff was warned that his failure to comply with the Magistrate Judge's Order would result in dismissal of Plaintiff's action. Plaintiff was further advised that if he no longer wished to proceed with this action, he should notify the Court. Plaintiff was given twenty-one (21) days to comply with the Court's Order. (Order, Aug. 30, 2016, ECF No. 5.)

Plaintiff filed a certified copy of his prison trust fund account statement, but he failed to file a motion to proceed without prepayment of the fees, an affidavit supporting such motion, or a recast complaint in accordance with the Magistrate Judge's Order.

Instead, Plaintiff filed "objections" to the Order accusing various Court officials and employees of "sabotoge [sic]," "[f]raud," treason, and sedition, among other things. The Magistrate Judge explained to Plaintiff that to the extent he sought to contend any Defendants violated his constitutional rights or rights secured under federal statutes, Plaintiff would be required to refile his Complaint on the Court's standard form and complete the motion and affidavit to proceed without prepayment of fees in accordance with the Court's August 30, 2016 Order. The Magistrate Judge offered Plaintiff one final opportunity to comply by filing the appropriate documents by November 14, 2016. Plaintiff was again warned that his failure to comply would result in this action being dismissed. (Order, Oct. 31, 2016, ECF No 8.)

Plaintiff responded by filing another "objection" (ECF No. 9) reiterating many of the same claims he made in his prior objection; but Plaintiff failed again to recast his claims or submit his motion and affidavit to proceed *in forma pauperis* as directed by the Court. Accordingly, because of Plaintiff's failure to pay the required filing fee, failure to comply with the Court's instructions and orders, and failure to otherwise diligently prosecute this action, his Complaint shall be **DISMISSED without prejudice**.[1] *See* Fed.

---

[1] It is unclear from Plaintiff's allegations whether the statute of limitations on any of Plaintiff's claims may bar their refiling. A dismissal without prejudice is tantamount to a dismissal with prejudice if the statute of limitations may bar refiling. *See Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Dismissals with prejudice are only appropriate where "the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam). As noted above, Plaintiff in this case has been given ample opportunity to comply with the Court's orders and multiple warnings that failure to comply could result in the dismissal of his Complaint. *See Moon v. Newsome*, 863 F.2d

R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

    **SO ORDERED**, this 14th day of December, 2016.

              **S/ Marc T. Treadwell**
              MARC T. TREADWELL, JUDGE
              UNITED STATES DISTRICT COURT

---

835, 837 (11th Cir. 1989) (noting that when a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). Plaintiff's failure "on multiple occasions to comply with the court-ordered deadlines in this case . . . evidence[s] 'a clear pattern of delay' or 'contumacious conduct' on [his] part, as opposed to mere negligent conduct." *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam). And Plaintiff's repeated failure to respond appropriately to the Court's orders after being made aware that his Complaint would be dismissed demonstrates that lesser sanctions would be futile. *See, e.g., Calloway v. Perdue Farms, Inc.*, 313 F. App'x 246, 250 (11th Cir. 2009) (per curiam) (holding that "district court's determination that lesser sanctions would be futile was not unreasonable" where party was warned that his failure to respond to a motion would result in dismissal of his complaint with prejudice). Thus, even though the Court intends this dismissal to be without prejudice, a dismissal with prejudice could also be appropriate.